**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIK MIRATOVICH DOLUKHANYAN, | No.  12-71942 |
| Petitioner, | Agency No.  A095-673-447 |
| v. | |
| LORETTA E.  LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 6, 2015
Pasadena, California

Before: W.  FLETCHER, PAEZ, and BERZON, Circuit Judges.

Erik Miratovich Dolukhanyan, a native and citizen of Armenia, petitions for

review of the decision of the Board of Immigration Appeals ("BIA") affirming the

Immigration Judge's ("IJ") denial of his asylum application on the basis of her

finding that Dolukhanyan was not credible.  The IJ identified three discrepancies in

Dolukhanyan's testimony, and also found that his failure to present the testimony

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir.  R.  36-3.

of his mother and sister (who both reside in Los Angeles) detracted from his credibility. Because each of these bases was either improperly found or is not supported by substantial evidence, we grant the petition and remand.

First, Dolukhanyan testified that he was involved in a car accident in Armenia and was subsequently tried and convicted of falling asleep at the wheel, but claimed that the accident was "cooked up," and the prosecution an incident of persecution. The IJ found that Dolukhanyan's testimony regarding the "cooked up" accident was inconsistent with the record of conviction from the Armenian court, which showed that Dolukhanyan had pled guilty and had confessed to falling asleep at the wheel, and that the court had sentenced him to a five-year suspended sentence with three years of probation based on a plea of leniency from the wife of a passenger who had died in the crash. But Dolukhanyan never wavered in his testimony regarding the crash, never denied that he had pled guilty, and explained that the Armenian court record was erroneous. A person may plead guilty even in a sham trial, and the IJ never addressed Dolukhanyan's explanation that the court record was simply incorrect. Moreover, the IJ failed to consider that Dolukhanyan could testify credibly as to his subjective belief about the accident, even if she thought that his conclusions about what actually happened were wrong. "An adverse credibility finding is improper when an IJ fails to address a petitioner's

2

explanation for a discrepancy or inconsistency." *Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir. 2004) (superseded by statute on other grounds). Because the IJ failed to address Dolukhanyan's explanations, her finding regarding his Armenian conviction was improper.

The IJ further found that Dolukhanyan's father Marat Dolukhanyan's asylum application, signed on February 17, 2002, which stated that Erik Dolukhanyan was at that point in Russia "contradicted" Erik Dolukhanyan's "assertion that he was arrested after participating in a rally in Armenia in December 2001." Plainly, it does not. Therefore, her finding does not go to the heart of Dolukhanyan's claim, and, because this is a pre-REAL ID Act case, cannot constitute substantial evidence. *Khadka v. Holder*, 618 F.3d 996, 1000 (9th Cir. 2010).

Moreover, to the extent that Marat Dolukhanyan's asylum application is inconsistent with Erik Dolukhanyan's testimony regarding his presence in Armenia and Russia, Erik Dolukhanyan explained that he and his father were not in touch at the time Marat Dolukhanyan filed it. Therefore, Marat Dolukhanyan had no knowledge of his son's whereabouts. The IJ relied on the inconsistency because Dolukhanyan "testified that he was in contact with his father on a couple occasions following his father's entry into the United States in November 2001." However,

while Dolukhanyan did testify that he was in contact with his father "a couple times" after his father left Armenia, he testified that such contact began in December of 2002. The IJ did not address Dolukhanyan's testimony regarding when contact with his father resumed, and therefore her conclusions regarding Marat Dolukhanyan's asylum application were also improper. *See Kaur*, 379 F.3d at 887.

Additionally, at the hearing, the government submitted two police records documenting two incidents in which Dolukhanyan had been arrested in the United States. The IJ found that Dolukhanyan had "repeatedly" and "steadfastly" denied being arrested, and that his "vehement denial of either arrest, even after being presented with the Government's evidence, substantially detracts from his credibility." But Dolukhanyan did not deny that he was taken into custody both times, vehemently or otherwise. Instead, he admitted that both incidents occurred, and explained that his initial denial of the 2008 arrest stemmed from his confusion over the meaning of the word "arrest," an explanation that is borne out by the transcript of the hearing. The IJ's conclusion mischaracterized Dolukhanyan's testimony, failed to address his explanation, and is not supported by substantial evidence.

Finally, the IJ faulted Dolukhanyan for failing to corroborate his claims with the readily available testimony of his mother and sister. Because this is a pre-REAL ID Act case, we must look to see whether "the corroborating evidence [was] both material to the petitioner's asylum claim and non-duplicative of other corroboration." *Sidhu v. INS*, 220 F.3d 1085, 1091 (9th Cir. 2000). "[W]here an applicant produces credible corroborating evidence to buttress an aspect of his own testimony, an IJ may not base an adverse credibility determination on the applicant's failure to produce additional evidence that would further support that particular claim." *Id.* Dolukhanyan produced ample documentary evidence, the authenticity of which the IJ never questioned. Moreover, Dolukhanyan never claimed that either his mother or his sister had witnessed or had any knowledge of the persecution he claims he suffered in Armenia. They could only have testified as to what Dolukhanyan told them; that is, their testimony would have been duplicative of Dolukhanyan's own testimony and immaterial. Therefore, the IJ erred in requiring it.

**PETITION GRANTED AND REMANDED.**